**Thomas E. LEECH, Appellee,**

v.

**Robert M. LEECH, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2000.
Filed Nov. 6, 2000.

Joseph E. Altomare, Titusville, for appellant.

Michael J. Seymour, Pittsburgh, for appellee.

Before CAVANAUGH, EAKIN and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Robert M. Leech, appeals the April 27, 2000 Order appointing a certified public accountant as custodian of Leech Tool & Die, Inc. Appellee, Thomas E. Leech, initiated this action for the appointment of a custodian in accordance with 15 Pa.C.S.A. § 1767, **Appointment of custodian of corporation on deadlock or other cause.** Following evidentiary hearings, the appointment of a custodian was ordered by the trial court.

¶ 2 The facts, as summarized by the trial court, follow.

Thomas E. Leech and Robert M. Leech are brothers who are each owner of 50% of the issued and outstanding stock of Leech Tool & Die Inc. They are the only directors and officers of that corporation. Thomas E. Leech is the secretary/treasurer and Robert M. Leech is the president.

On September 29, 1995 Leech Tool & Die, Inc. entered into two agreements with Leech Industries, Inc. The latter was a corporation formed for the purpose of ultimately becoming the operating company of the business formerly operated by Leech Tool & Die, Inc. and so that the children of the two parties in this litigation could take over the operation of the business.

. . .

In May of 1997 there was a disagreement between the children of the two parties to this lawsuit, being the same children who were the owners of Leech Industries, Inc. It appears that Thomas E. Leech and Robert M. Leech had some discussions about resolving the arrangement between themselves. Thomas E. Leech announced to his brother, Robert M. Leech, and to certain members of the staff of Leech Industries, Inc. that he was leaving. There was no specific discussion as to what "leaving" meant. Thomas E. Leech maintains that he was simply quitting his employ-

ment at Leech Industries, Inc. and was not quitting or resigning from his position as secretary/treasurer of Leech Tool & Die, Inc. and that he arranged to have the controller of Leech Industries, Inc., Kathy Mikosky, perform the duties for Leech Tool & Die, Inc. that Thomas E. Leech formerly performed.

Once Thomas E. Leech left the employment of Leech Industries, Inc. he no longer had any income. There have been no distributions of assets or income from Leech Tool & Die, Inc. even though it apparently has funds, or can get funds from Leech Industries, Inc., to make those distributions.

After Thomas E. Leech left his employment the bank where Leech Tool & Die, Inc. had its accounts was given a corporate resolution dated November 6, 1997 that the only signature authorized on checks of Leech Tool & Die, Inc. was that [of] Robert M. Leech, its President. That effectively made it so that Thomas E. Leech could not sign corporate checks, even though he was still the secretary/treasurer. Theretofore he had been signing checks. That resolution was never adopted by the Board of Directors of Leech Tool & Die Works, Inc. and therefore was ineffective in fact.

. . .

The by-laws of Leech Tool & Die, Inc. provide, inter alia, that the treasurer has custody of corporate funds, must keep full and accurate accounts of receipts and disbursements in books belonging to the corporation, and shall deposit all monies in the name and to the credit of the corporation in depositories designated by the Board of Directors. Furthermore the treasurer shall disburse funds of the corporation as may be ordered by the Board. Thomas E. Leech, as the elected treasurer of Leech Tool & Die, Inc., did not perform any of those functions after he left the employment of Leech Industries, Inc. in May of 1997.

To this day, Thomas E. Leech is still the secretary/treasurer of Leech Tool & Die, Inc. He was reelected to that position at a meeting of the directors held June 15, 1998.

(Trial Court Opinion, Gordon, P.J., 9/7/1999, at 1–3.)

¶ 3 Appellant presents two issues for our review:

1. May a shareholder holding a 50% interest in a closely held corporation be "oppressed" within the meaning of 15 Pa.C.S.A. § 1767(a)(2)?

2. Did not the trial court abuse its discretion in appointing a custodian on the grounds of "oppression" where the only factual basis was one equal owner's reluctance to reinstate the other as secretary/treasurer after a one year voluntary abandonment of that office by that other?

(Appellant's brief at 3.)

¶ 4 Appellant argues he acted reasonably in believing appellee's one-year absence from his position as secretary/treasurer of the corporation served as his permanent resignation. He also argues the appointment of a custodian injures the corporation because a custodian deprives the parties of the right to conduct the corporation's affairs and burdens the corporation with an added expense.

¶ 5 Without supporting caselaw, appellant initially argues that appellee, a fifty percent (50%) owner of the closely held corporation, cannot be "oppressed" under section 1767 because the statute is not designed to redress disputes between equals, but rather its purpose is to prevent majority interests from injuring the minority. 15 Pa.C.S.A. § 1767, **Appointment of custodian of corporation on deadlock or other cause,** provides in pertinent part:

(a) General Rule.—. . ., [U]pon application of any shareholder, the court may appoint one or more persons to be custodians of and for any business corporation when it is made to appear that:

. . .

(2) in the case of a closely held corporation, the directors or those in control of the corporation have acted illegally, oppressively or fraudulently toward one or more holders or owners of 5% or more of the outstanding shares of any class of the corporation in their capacities as shareholders, directors, officers or employees[.]

Because the parties share equally in the corporate decisions, appellant argues, there is no opportunity for him to overreach his powers and injure appellee and, thus, no need for a custodian. Appellant also argues appellee must demonstrate that someone in control of the corporation acted oppressively. (Appellant's brief at 9.) It is clear from the parties' testimony, however, that appellant and appellee were no longer "equal" in their shares of control over the corporation and, in fact, appellant exercised exclusive control over Leech Tool & Die, Inc. during the time appellee excused himself from the secretary/treasurer position. Further, it is evident appellant took steps to diminish appellee's decision-making ability.

¶ 6 Oppression is defined as "unjust or cruel exercise of authority or power."[1] Appellant's actions during and after appellee's absence were clearly an unjust exercise of his authority as director.

¶ 7 Upon appellee's return to his position, appellant unjustly burdened him with restraints upon his resumption of the positions of secretary and treasurer. As shown in the September 16, 1999 correspondence from appellant's counsel, appellant refused to permit appellee's return to his former Leech Industries office space to perform his duties as secretary and treasurer and expressed a desire to have appellee move elsewhere. Further, appellant

did not allow appellee access to all corporate records and restricted the information made available (N.T., 2/1/2000, at 51).

¶ 8 We agree with the trial court's findings that while "[i]t is not oppressive to expect [appellee] to perform his duties as secretary/treasurer at a location other than the business office of Leech Industries, Inc.[,] [i]t is oppressive for [appellant] to parse out the information or documents that the duly elected and constituted secretary/treasurer has access to." (Trial Court Opinion, Miller, P.J., 2/22/2000, at 3.)

¶ 9 Further, appellant removed appellee's authority to sign corporate checks and gave the authority to a non-officer (N.T. at 46–47.) Appellant moved Leech Tool & Die, Inc.'s corporate account from First National Bank to PNC Bank where appellee does not have access to the account.[2]

¶ 10 Finally, appellee has not been permitted access to income that was promised from Leech Tool & Die, Inc. (N.T., 7/20/99, at 41; N.T., 2/1/00, at 16–17) and appellee was not given any reasons as to why he had not received the income. (*Id.* at 17.)

¶ 11 Having carefully reviewed the record in this matter, we conclude appellant's actions, while in control of Leech Tool & Die, Inc., did constitute oppression under section 1767 and that the trial court did not abuse its discretion in appointing a custodian.

¶ 12 Order affirmed.

---

1. *Meriam Webster's Collegiate Dictionary* (10th ed.1996).

2. Appellant initially testified that he was the only person with the authority to sign checks on the PNC bank account, N.T., 2/1/2000, at 47, but later testified that non-officer Kathy Mickosky also has signing authority on the PNC account. (*Id.* at 50.) Appellant further testified that appellee was not consulted as to this decision. (*Id.*)